Edward JOHNSON, Appellant,

v.

HUSSMANN CORPORATION, Appellee.

No. 85–1779.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1986.

Decided Nov. 17, 1986.

Richard Zerr, St. Charles, Mo., for appellant.

Mark J. Bremer, St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Edward Johnson appeals from a final order entered in the District Court[1] for the Eastern District of Missouri dismissing his retaliatory discharge claim against Hussmann Corp. (the employer). *Johnson v. Hussmann Corp.*, 610 F.Supp. 757 (E.D. Mo.1985). For reversal appellant argues the district court erred in (1) denying his motion to remand the case to state court, (2) holding his state tort claim for retaliatory discharge has been pre-empted by federal labor law, and (3) treating his state tort claim for retaliatory discharge as a claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and holding that it was barred by the applicable statute of limitations. For the reasons discussed below, we affirm.

Except for the reason for appellant's discharge, the facts are not disputed. On February 7, 1984, appellant suffered an on-the-job injury and the next day he was suspended from work pending an investigation. On February 16, 1984, appellant was discharged by the employer allegedly for repeatedly violating posted safety rules. At the time of his discharge appellant was covered by a collective bargaining agreement between the employer and Local 9014, United Steelworkers of America (the union), which prohibited discharge except for just cause and established grievance and arbitration procedures. Appellant protested his discharge and on February 17, 1984, the union filed a grievance. On March 20, 1984, the employer denied the grievance at step 3 of the grievance process. On April 10, 1984, the union notified appellant's attorney that the grievance would not be taken to arbitration.

On January 25, 1985, appellant filed a three-count complaint in state court against the employer and the union, alleging conspiracy, breach of the collective bargaining agreement by the employer and breach of the duty of fair representation by the union (a hybrid § 301 fair representation claim),

and retaliatory discharge for filing a worker's compensation claim. The employer and the union jointly removed the case to federal district court. Appellant then filed an amended complaint, naming only the employer as a party defendant and alleging the employer had discharged him in violation of state law in retaliation for filing a worker's compensation claim, and a motion to remand the case to state court. The employer filed a motion for summary judgment or dismissal. The district court denied the motion to remand, held the state tort claim for retaliatory discharge has been pre-empted by federal labor law, citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985), applied the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), and dismissed the claim as time-barred. 610 F.Supp. at 758–59.

As a preliminary matter, we review the dismissal as a grant of summary judgment because matters in addition to the pleadings were presented to and not excluded by the district court. Fed.R.Civ.P. 12(b), 56(c). Summary judgment should be granted if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.

Appellant's first two arguments are related. Appellant argues the district court erred in denying his motion to remand the case to state court because his complaint, as amended, set forth only a state tort claim for wrongful discharge in retaliation for filing a worker's compensation claim that has not been pre-empted by federal labor law, citing *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1981). Because a case can be removed to federal district court only if it could have been brought there originally, 28 U.S.C. § 1441(a), and because the defense of pre-emption by federal law is an insufficient basis in itself for removal, removal was proper only if appellant's complaint stated

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

a federal cause of action. *See Hillard v. Dobelman*, 774 F.2d 886, 887 (8th Cir.1985) (per curiam); *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666–67 (9th Cir.1985).

█ We hold the district court correctly denied the motion to remand because appellant's state tort claim for retaliatory discharge has been pre-empted by federal labor law and stated a federal cause of action and thus was properly removed. Appellant's amended complaint had been artfully pleaded to avoid federal jurisdiction. Even though appellant's complaint, as amended, was brought in tort rather than contract and omitted the union as a party defendant as well as any reference to federal labor law provisions, specifically § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), appellant was in fact suing the employer for wrongful discharge in violation of the collective bargaining agreement. *See Hillard v. Dobelman*, 774 F.2d at 887 (invoking well-pleaded complaint rule); *Moore v. General Motors Corp.*, 739 F.2d 311, 315–17 (8th Cir.1984) (rejecting contract and tort distinction), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1985). Here, appellant's state tort claim for retaliatory discharge for filing a worker's compensation claim has been pre-empted by federal labor law because resolution of that claim is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 105 S.Ct. at 1916. *See Vantine v. Elkhart Brass Manufacturing Co.*, 762 F.2d 511, 516–18 (7th Cir.1985) (holding state tort claim for retaliatory discharge for filing worker's compensation claim pre-empted by federal labor law); *see also Bell v. Gas Service Co.*, 778 F.2d 512, 516–17 (8th Cir.1985) (holding claim that employer made misrepresentation to employee pre-empted by federal labor law).

Accordingly, the district court did not err in denying the motion to remand the case to state court and in treating appellant's retaliatory discharge claim as a § 301 claim.[2]

█ Next, appellant argues the district court erred in holding that his § 301 claim was barred by the six-month statute of limitations set forth in *DelCostello v. Teamsters*, 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983). We agree that appellant's § 301 claim is time-barred. Appellant's § 301 claim accrued on April 10, 1984, the date the union informed him that it would not take his grievance to arbitration. *See, e.g., Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442, 449–50 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). The complaint was not filed, however, until January 25, 1985, more than eight months later. If the amended complaint is characterized as a challenge to the denial of appellant's grievance and thus as a § 301 claim against the employer only for breach of the collective bargaining agreement, the action is time-barred because appellant did not file suit within the 90–day state statute of limitations period for vacation of arbitration awards, Mo.Ann.Stat. § 435.405.2 (Vernon Supp.1986). *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (§ 301 claim against the employer only). Alternatively, if the amended complaint is characterized as a hybrid § 301 fair representation claim, the action is time-barred because appellant did not file suit within the six-month statute of limitations period set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *See DelCostello v. Teamsters*, 462 U.S. at 169–72, 103 S.Ct. at 2293–94.

Accordingly, we affirm the judgment of the district court.

---

**2.** The district court could have either dismissed appellant's state tort claim for retaliatory discharge as pre-empted by federal labor law or treated it as a § 301 claim. *See Allis-Chalmers*

*Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985). In the present case the district court elected to treat the claim as a § 301 claim.