Justice White,
dissenting.
This case raises the question whether a state-law claim for retaliatory discharge is pre-empted by § 301 of the Labor-Management Relations Act, 1947, 61 Stat. 156, 29 U. S. C. § 185(a), when the suing employee is covered by a collective-bargaining agreement. The Illinois Supreme Court here, relying on its earlier opinion in Midgett v. Sackett-Chicago, Inc., 105 Ill. 2d 143, 473 N. E. 2d 1280, cert. denied, 472 U. S. 1032 (1984) and 474 U. S. 909 (1985), held that the state claim was not pre-empted. The Court of Appeals for the Eighth Circuit, faced with an almost identical state-law claim for retaliatory discharge, concluded that under our opinion in Allis-Chalmers Corp. v. Lueck, 471 U. S. 202 (1985), § 301 pre-empted the state-law claim. Johnson v. Hussmann Corp., 805 F. 2d 795, 797 (1986) (Missouri). One other Court of Appeals has come to a similar conclusion. See Vantine v. Elkhart Brass Manufacturing Co., 762 F. 2d 511, 517-518 (CA7 1985) (Indiana). The Second Circuit, just three months ago, concluded that Connecticut’s retaliatory-discharge claim was not pre-empted by § 301. Baldracchi v. Pratt & Whitney Aircraft Div., United Technologies Corp., 814 F. 2d 102 (1987). The Illinois Supreme Court has interpreted federal law in a manner consistent with the Second Circuit but directly contrary to the Seventh and Eighth Circuits. I would grant the petition and resolve the conflict, rather than wait until the conflict invites more litigation and becomes more acute.