**John Alton CURL, Plaintiff,**

v.

**GENERAL TELEPHONE COMPANY OF the SOUTHWEST and Communications Workers of America Local 6171, Defendants.**

**No. LR–C–87–156.**

United States District Court, E.D. Arkansas, W.D.

Sept. 22, 1987.

Sam E. Gibson, Benton, Ark., for plaintiff.

David Van Os, Fickman, Van Os, Waterman, Dean & Moore, P.C., Austin, Tex., for defendant Communications Workers of America, Local 6171.

William G. Mundy and J. Cody Wilbanks, GTE Center at Las Colinas, Irving, Tex., for defendant General Telephone Co. of the Southwest.

### MEMORANDUM AND ORDER

ROY, District Judge.

Before the Court are the motions to dismiss of defendants General Telephone

Company of the Southwest ("GTSW") and Communications Workers of America, Local 6171 ("Union"), to both of which plaintiff has responded. Both defendants contend that this cause should be dismissed on the grounds that the Court lacks subject matter jurisdiction over this cause, that plaintiff's claims are barred by the applicable statute of limitations, and that plaintiff has failed to exhaust certain contractual remedies available to him. In addition, the Union claims that plaintiff's pleadings, when taken as a whole, reveal that plaintiff has no actionable claim against it. In response, plaintiff asserts that inasmuch as his claims sound in tort, the federal statutes cited by defendants are inapplicable and dismissal is unwarranted.

According to the complaint, "[a]bout January 9, 1960, plaintiff was, by oral contract of hire, employed by GTSW. About July 18, 1979 in the course and scope of his employment plaintiff suffered a serious on-the-job injury and for all material times thereafter remained in a period of temporary total disability for which he received workers compensation benefits...." The complaint also provides that "[a]t all material times, there were in force Agreements of Recognition, Bargaining Procedure and Operating Contracts" between GTSW and the Union dated May 18, 1977, June 9, 1980, and May 16, 1983 "of which agreements plaintiff was and is a third-party beneficiary." Neither defendant disputes the truthfulness of these allegations, nor does either question plaintiff's assertion in the complaint that he received a letter from GTSW dated March 2, 1984 "which stated that [GTSW] 'considered that [plaintiff] resigned (his employment) February 29, 1984.'"

In reviewing these motions to dismiss, the Court must construe the complaint liberally, accepting all allegations therein as true. Commenting upon the determination of motions to dismiss, the Eighth Circuit Court of Appeals stated, in *Orlando v. Alamo*, 646 F.2d 1288, 1289 (8th Cir.1981):

Initially, we note that courts should be reluctant to dismiss a complaint summarily, and to that end should construe pleadings liberally. *E.g., A. & P. Tea Co. v. Amalgamated Meat Cutters and Butcher Workmen Local 88*, 410 F.2d 650, 652–53 (8th Cir.1969). The speedy and efficient administration of justice requires, however, that '[m]eritless claims ... be disposed of at the first appropriate opportunity.' *Hungate v. United States*, 626 F.2d 60, 62 (8th Cir.1980).

Defendants contend that this Court lacks subject matter jurisdiction over plaintiff's claims on two grounds—first, because provisions of the National Labor Relations Act (29 U.S.C. § 158(b)) and the Labor Management Relations Act (29 U.S.C. § 185) preempt the state law upon which plaintiff seeks to rely and, second, because the six-month limitations period applicable to plaintiff's labor claims expired long before the filing of his complaint on February 19, 1987 [1]. The statute having thus run, defendants contend that his claims are barred and the Court is without jurisdiction over them.

As noted previously, plaintiff asserts that this is a tort case for wrongful discharge, outrage, and intentional infliction of emotional distress. Notwithstanding that assertion, plaintiff alleges that both defendants were guilty of wrongful conduct with respect to the termination of his employment with GTSW and his efforts to grieve that termination and recover other benefits allegedly due him.

■ Addressing the Union's case first, it seems abundantly clear that plaintiff has failed to state a cognizable claim against the Union. The complaint provides in pertinent part:

[the Union] is made a party defendant to this action because it is or may be a necessary party, and because it will or may be required in the future to advocate on behalf of plaintiff with [GTSW]

---

1. Plaintiff was advised in the March 2, 1984 letter from GTSW that he (plaintiff) was considered to have resigned as of February 29, 1984. The Union advised on August 31, 1984

that it would not pursue plaintiff's grievance any further. Thus, at the latest the limitations period commenced running on September 1, 1984.

at least some of plaintiff's rights and entitlements from [GTSW] as determined by the court in this cause. [Complaint, ¶ 4.]

That statement reflects that plaintiff has no specific claim against the Union, for there are no other allegations in the complaint directed toward the Union. Moreover, in his response to the Union's motion to dismiss, plaintiff declared that "[t]he proof will be that at best [GTSW] and [the Union] 'went through the motions only' of the grievance process. However, that is not what this case is about. This case is about the retaliatory discharge of Mr. Curl and the tort of outrage, both committed by [GTSW]...." Viewing the pleadings as a whole, plaintiff has failed to state any claim against the Union. Accordingly, the Court finds that the Union's motion to dismiss should be, and it is hereby, granted.

A more difficult question is presented by the case of GTSW. As is evident from those portions of the complaint quoted herein, plaintiff has indeed alleged a number of claims against GTSW. Although plaintiff attempts to characterize them as tort claims, the Court views the allegations of the complaint as an artful attempt to avoid the preemptive effect of the federal labor laws.

■ Wrongful discharge and outrage claims in the employment context are recognized in Arkansas. *See, e.g., M.B.M. Company, Inc. v. Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980). It is conceded by GTSW that the application of state law to disputes between employers and employees regarding collective bargaining agreements is not automatically preempted by section 301 of the Labor Management Relations Act. However, GTSW vigorously contends that it is crystal clear that state law is preempted when the resolution of such a dispute requires interpretation of a collective bargaining agreement, citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Plaintiff has attempted to portray his claims against GTSW as simple tort claims, but even a cursory reading of the complaint reveals that plaintiff's rights under the bargaining agreement between GTSW and the Union are at the heart of this lawsuit. In *Johnson v. Hussman Corp.*, 805 F.2d 795 (8th Cir.1986), a case quite similar to the instant case, the Eighth Circuit affirmed the district court's dismissal of plaintiff's complaint on the preemption ground in spite of plaintiff's artful attempt to plead his cause as one of a state tort claim. The Eighth Circuit stated in *Johnson*:

Here, appellant's state tort claim for retaliatory discharge for filing a worker's compensation claim has been preempted by federal labor law because resolution of that claim is 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'

*Id.* at 797 (citations omitted). Inasmuch as this Court is of the opinion that the rationale of *Johnson* is controlling herein, the Court finds that appellant's tort claims must be treated as a claim under § 301 of the Labor Management Relations Acts.

Plaintiff learned on or about August 31, 1984 that the Union had decided to no longer pursue plaintiff's grievance. Plaintiff's § 301 claim accrued on that date. The limitations period for such a § 301 claim is the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act. *Johnson*, 805 F.2d at 797. As plaintiff's complaint was filed long after the expiration of the six-month limitations period, his § 301 claim is time-barred.

Due to the Court's rulings on the preemption and statute of limitations issues, no discussion of the other questions raised by GTSW is necessary. For the reasons set out hereinabove, the motion to dismiss of GTSW should be, and it is hereby, granted. Plaintiff's complaint as to both defendants shall be dismissed.