Dennis WOLFE, Appellant,

v.

**CENTRAL MINE EQUIPMENT CO., Appellee.**

No. 87–1507.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1988.

Decided July 7, 1988.

---

William Kaseberg, Edwardsville, Ill., for appellant.

Thomas M. Blumenthal, St. Louis, Mo., for appellee.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and HENLEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

Dennis Wolfe brought this action against his former employer, Central Mine Equipment Company, claiming that he had been fired in violation of a state statute, Mo. Ann.Stat. § 287.780 (Supp.1987). The statute makes it unlawful for an employer to discharge someone for exercising any of his rights under the state's workers' compensation law, and grants to any employee who has been discharged for any such reason a civil action for damages against his employer. The District Court dismissed the complaint, holding that this state-law claim is preempted by federal labor law, Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

On August 27, 1987, we affirmed on the basis of *Johnson v. Hussmann Corp.*, 805 F.2d 795 (8th Cir.1986), in which a panel of this Circuit held that a "state tort claim for retaliatory discharge for filing a worker's compensation claim has been preempted by federal labor law...." *Id.* at 797. Thereafter, on October 13, 1987, the Supreme Court granted certiorari in a case involving the same issue, and on November 11, 1987, we granted Wolfe's petition for rehearing by the panel, and held the case in abeyance pending the Supreme Court's decision. That decision has now come down. *Lingle v. Norge Division of Magic Chef,* —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

In *Lingle,* the Supreme Court held that an employee covered by a collective-bargaining agreement may bring a separate action under Illinois workers' compensation law for retaliatory discharge, notwithstanding the existence of contractual remedies for discharge without just cause. The Court held that "the state-law remedy in this case is 'independent' of the collective-bargaining agreement in the sense of 'independent' that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement." —— U.S. at ——, 108 S.Ct. at 1882. The analysis in *Lingle* applies with equal force to Missouri's workers' compensation statute. We conclude that the rule in *Johnson* of federal pre-emption of state tort claims for retaliatory discharge has been overruled by *Lingle.*

Accordingly, we reverse the District Court's dismissal of Wolfe's action under § 287.780, and remand for further proceedings consistent with this opinion.

It is so ordered.