**John Alton CURL, Appellant,**

v.

**GENERAL TELEPHONE COMPANY OF THE SOUTHWEST and Communication Workers of America, Local 6171, Appellees.**

No. 87–2377.

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1988.

Decided Aug. 29, 1988.

Sam E. Gibson, Benton, Ark., for appellant.

J. Cody Wilbanks, Irving, Tex., for appellees.

Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

PER CURIAM.

John Alton Curl appeals from the district court's order dismissing his complaint against General Telephone Company of the Southwest (General Telephone). The district court concluded that Curl's state law claims were preempted by federal labor law and, further, were barred by the applicable federal statute of limitations. *Curl v. General Tel. Co.*, 669 F.Supp. 930, 932 (E.D.Ark.1987). We reverse and remand for further proceedings.

In 1979 Curl was injured while working for General Telephone. After his injury Curl did not return to work, but nevertheless remained a General Telephone employee. General Telephone later terminated Curl in February 1984, and the Communication Workers of America, Local 6171 (Union) filed an administrative grievance on behalf of Curl. The Union notified Curl in August 1984 that it would not pursue the grievance further.

In February 1987, Curl filed this suit against General Telephone and the Union in Arkansas state court. Curl asserted several grounds for relief: breach of his oral contract of employment, wrongful discharge in retaliation for filing a workers' compensation claim, and intentional infliction of emotional distress and outrage. The defendants removed the suit to federal court and then moved to dismiss Curl's complaint. The district court granted the Union's motion to dismiss, concluding that Curl failed to state a claim against the Union on which relief could be granted. The court then turned to General Telephone's motion. Relying on *Johnson v. Hussmann Corp.*, 805 F.2d 795 (8th Cir. 1986), the court indicated that Curl's tort claims were preempted by section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See Johnson*, 805 F.2d at 797. Further, because Curl's claims were filed beyond the federal statute of limita-

tions, the district court dismissed Curl's complaint. Curl filed this appeal.

After the district court made its decision, the Supreme Court determined that a state tort claim of retaliatory discharge for filing a workers' compensation claim was not preempted by federal labor law. *Lingle v. Norge Div. of Magic Chef, Inc.*, —— U.S. ——, 108 S.Ct. 1877, 1882–83, 1885, 100 L.Ed.2d 410 (1988). Consequently, we reverse the district court's dismissal of Curl's state tort claim for retaliatory discharge and remand for further proceedings. *See, e.g., Wolfe v. Central Mine Equip. Co.*, 850 F.2d 469, 470 (8th Cir.1988) (overruling *Johnson*, 805 F.2d 795). In addition, on remand the district court should reconsider under *Lingle* the question of preemption with regard to Curl's claim of intentional infliction of emotional distress and outrage. *See Hanks v. General Motors Corp.*, 859 F.2d 67, 69–71 (8th Cir.1988).

Curl has not challenged on appeal the district court's dismissal of his breach of oral contract claim or the court's determination that Curl failed to state a cognizable claim against the Union. We need not address those issues here. Accordingly, we reverse the district court's dismissal of Curl's state tort claims against General Telephone and remand for further proceedings consistent with this opinion.