Elizabeth Stephenson
**BEDNAREK, Appellant,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL UNION 227; and the Kroger Company, Appellees.**

No. 87–CA–1505–MR.

Court of Appeals of Kentucky.

July 21, 1989.

Rehearing Denied Oct. 12, 1989.

Discretionary Review Denied
by Supreme Court
Dec. 13, 1989.

William W. Lawrence, H. Joseph Marshall, Lawrence and Marshall, Louisville, for appellant.

Larry L. Lakin, Snyder & Lakin, Jeffersontown, for United Food and Commercial Workers Intern. Union.

William A. Blodgett, Jr., Lisa Patrick Leet, Grace Geisel, Woodward, Hobson & Fulton, Louisville, for the Kroger Co.

Before HAYES, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a summary judgment by the Jefferson Circuit Court dismissing the appellant's claims against her former employer, the Kroger Company, and her union, the United Food and Commercial Workers International Union, Local Union 227. The appellant had sued Kroger in tort, alleging that it had wrongfully discharged her in retaliation for filing a workers' compensation claim and that it had intentionally inflicted severe emotional distress upon her. Her claim against the Union stated that it had violated the fiduciary duty it owed to her under the collective bargaining agreement between the Union

and Kroger, and that the Union was also guilty of the tort of intentionally inflicting emotional distress upon her.

The trial court's order granting summary judgment concluded that it lacked jurisdiction to entertain the claims because its jurisdiction was preempted by federal statute, and furthermore that the claims made were "barred by the applicable Statute of Limitations or fail to state a claim." The appellant asserts that the court erred in each of its legal conclusions.

■■■ We shall first consider the question of whether the state court is preempted from entertaining the tort claim for wrongful discharge by § 301 of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185 (1978). Even if dispute resolution under the collective bargaining agreement and the state tort claim would require addressing the same set of facts, "as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 410, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410, 421 (1988). To establish a claim in tort for retaliatory discharge, the appellant must show that she was discharged because she had exercised a constitutionally protected or statutorily conferred right. *See Firestone Textile Co. Div. v. Meadows*, Ky., 666 S.W.2d 730 (1983); *Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1985). She claims to have been discharged because she sought and was awarded workers' compensation benefits. As pointed out by the Court in *Baldracchi v. Pratt & Whitney Aircraft Div., United Technologies Corp.*, 814 F.2d 102, 105 (2d Cir.1987), "[h]er claim of retaliation for filing a workers' compensation claim does not turn on interpretation of that [collective bargaining] agreement. At trial, Baldracchi would have to present a prima facie case that she was in fact fired for filing a workers' compensation claim (cit. omitted). In its defense, Pratt & Whitney would have to demonstrate that Baldracchi was fired for another non-pretextural reason." *See also Merchant v. American Steamship*

*Co.*, 860 F.2d 204 (6th Cir.1988); *Curl v. General Telephone Co. of the Southwest*, 861 F.2d 171 (8th Cir.1988). We conclude that the jurisdiction of the circuit court over this tort claim has not been preempted by the federal statute.

With respect to the tort claims based upon the intentional infliction of emotional distress, *Craft v. Rice*, Ky., 671 S.W.2d 247 (1984), recognizing such a tort, adopted Section 46 of the Restatement (Second) of Torts. Under this section the conduct necessary to constitute the tort must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46, comment d (1965). The conduct of Kroger or the Union as alleged in the complaint, and shown by the evidence in the record, does not reach that standard. Consequently, we find no error in the court's dismissal of these claims.

■■ We next consider the appellant's claim against the Union based upon the violation of a fiduciary duty owed to her "to provide her with the support required by the collective bargaining agreement." It is evident that this claim is based upon the agreement and would require an interpretation of the scope of the Union's duties under the agreement. This being so, the trial court correctly held that its jurisdiction over this claim was preempted. *See Lingle, supra; International Brotherhood of Electrical Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

■■ We also must determine whether the claim against Kroger for wrongful discharge was nevertheless properly dismissed because it was barred by the applicable statute of limitations or the failure to state a cause of action. This Court has previously held that the five-year statute of limitations set out in KRS 413.120 applies to the tort of wrongful discharge. *See Brown v. Physicians Mutual Insurance Co.*, Ky.App., 679 S.W.2d 836 (1984), *overruled on other grounds, Grzyb v. Evans*, Ky., 700 S.W.2d 399 (1985). This action was brought on July 2, 1986, which was

within five years of the appellant's discharge on May 29, 1982. The six-month federal statute of limitations applied in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), is not relevant. That case involved suits by employees against their employers and unions alleging breach of collective bargaining agreements, which suits, as we have seen, are governed by federal law. The claim here is strictly one involving state law and is governed by such law. *See Lingle, supra.*

The complaint fairly states a claim for wrongful discharge, *see* CR 8.01, and there is a genuine issue of material fact as to Kroger's motive for discharging the appellant. *See* CR 56.03.

■ Finally, we find nothing in our case law which we can interpret as intended to prevent an employee from pursuing a tort action for wrongful discharge simply because the employee also may have an action in contract under a contract of employment. Likewise, we cannot see how the appellant would have to exhaust grievance procedures under her collective bargaining agreement before pursuing a tort claim which has nothing to do with that agreement.

The judgment of the trial court is affirmed in all respects except as to the dismissal of the claim against Kroger for wrongful discharge, which dismissal is reversed. This matter is remanded to the trial court for further proceedings concerning the claim for wrongful discharge.

All concur.