## CIRCUIT COURT OF KING GEORGE COUNTY

Sandra H. Walker

v.

White Packing Co., Inc.-Virginia

June 24, 1993

Case No. (Law) 92–52

BY JUDGE JAMES W. HALEY, JR.

The primary issue here for resolution is whether Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA") has pre-empted claims by an employee against her employer for retaliatory discharge in violation of Virginia Code § 65.2–308[1] and employment discrimination in violation of the Virginians With Disabilities Act, Virginia Code § 51.5–41.[2]

Succinctly stated, Sandra H. Walker was employed by White Packing Company, Inc., as a warehouse manager when she suffered an injury in December, 1991, for which she received workers' compensation. During her recovery, her physician was advised of two jobs at

---

[1] Section 65.2–308 reads in part: "A. No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title . . . . B. The employee may bring an action in a circuit court having jurisdiction over the employer or person who allegedly discharged the employee in violation of this section . . . ."

[2] Section 51.5–41 reads in part: "A. No employer shall discriminate in employment or promotion practices against an otherwise qualified person with a disability solely because of such disability . . . . C. An employer shall make reasonable accommodation to the known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job, unless the employer can demonstrate that the accommodation would impose an undue burden on the employer."

White Packing, her former manager position or light duty as a "bacon scaler." In May, 1992, when Walker returned to work, the manager position had been filled during her absence, and she was assigned as a bacon scaler. This job, Walker alleges, was "intolerable" for her because of her prior injury, which had rendered "her incapable of performing the essential functions of the position."[3] Walker did not continue to serve as a bacon scaler and was terminated by White on May 15, 1992. Walker claims that her discharge was retaliatory for filing her workers' compensation claim, specifically citing Virginia Code § 65.2–308, and that her placement as a bacon scaler discriminated against her because of her physical disabilities, specifically citing Virginia Code § 51.5–41. Her Motion for Judgment was filed on November 6, 1992.

Walker is a union member, and the union has a collective bargaining agreement with White Packing.

Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (a) (1992), as amended, provides that:

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties . . . .

In *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103, 7 L. Ed. 2d 593, 82 S. Ct. 571 (1962), the court set forth the pre-emptive force of § 301 in stating that "the dimensions of § 301 require the conclusion that substantive principles of federal law must be paramount in areas covered by the statute . . . ."

While both state and federal courts have jurisdiction to determine pre-emptive issues, *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 7 L. Ed. 2d 483, 82 S. Ct. 519 (1962), it is for federal courts to develop "an evolving federal common law grounded in national labor policy . . ." by interpreting collective bargaining agreements. *Bowen v. United States Postal Service*, 459 U.S. 212, 224–225, 74 L. Ed. 2d 402, 103 S. Ct. 588 (1983).

Nonetheless, the United States Supreme Court has not held "that every state-law suit asserting a right that relates in some way to a

---

[3] Paragraph 18, Motion for Judgment.

provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by § 301." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 85 L. Ed. 2d 206, 221, 105 S. Ct. 1904 (1985). *See also*, 48A Am. Jur. 2d, *Labor and Labor Relations*, § 1930.5 (supplement); *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 279, 29 L. Ed. 2d 473, 91 S. Ct. 1909, 1919 (1971): "Much of [the complex interrelationships between employees, employers and unions] is left to the states."

"An application of state law is pre-empted by § 301 . . . only if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Division, Magic Chef*, 486 U.S. 399, 100 L. Ed. 2d 410, 423, 108 S. Ct. 1877 (1988).[4] Accordingly, "the question in pre-emptive analysis is not whether the source of a cause of action is state law, but whether resolution of the cause of action requires interpretation of a collective bargaining agreement." *McCormick v. A. T. & T. Technologies, Inc*, 934 F.2d 531, 535 (4th Cir. 1991).

As in the present case, in *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1328–1329 (*en banc*) (6th Cir. 1989) *cert. den.*, 493 U.S. 992, 110 S. Ct. 539, 107 L. Ed. 2d 537 (1989), the plaintiff "filed a two-count complaint in Michigan state court alleging discrimination under the HCRA[5] and workers' compensation retaliation." A second worker, Fleming claimed "that following his injury, he was given job assignments inconsistent with his [physical] limitations . . . and Fleming filed a complaint in state court alleging . . . discharge in retaliation for expressed intent to file a workers' compensation claim . . . ." Relying on *Lingle*, the court held none of these claims pre-empted by § 301 because none "would necessitate interpretation of a collective bargaining agreement." 879 F.2d at 1334–1335.

Likewise, in *Baldracchi v. Pratt & Whitney Aircraft Division*, 814 F.2d 102, 103–105 (2d Cir. 1987), the question was whether § 301 of the LMRA "pre-empts an action by a union member under a [Connecticut] statute that prohibits the discharge of a employee for filing a workman's compensation claim." In denying pre-emption, the court stated that Baldracchi's claim is "independent of the collective bar-

---

[4] In *Lingle*, the court found not pre-empted an Illinois statute, like Virginia Code § 65.1–308, granting a cause of action for discharge in retaliation to filing a workers' compensation claim.

[5] Handicappers' Civil Rights Act, M.C.L., § 37.1101, *et seq.*

gaining agreement . . . [and] . . . does not turn on interpretation of that agreement."

In addition to *Lingle* and *Baldracchi*, see also, *Herring v. Prince Macaroni*, 799 F.2d 120 (3rd Cir. 1986); *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir. 1981); *Wolfe v. Central Mine Equipment*, 850 F.2d 469 (8th Cir. 1988); *Conway v. Webster City Products*, 431 N.W.2d 795 (Iowa 1988); *Bednarek v. United Food & Commercial Workers International Union*, 780 S.W.2d 630 (Ky. App. 1989), each holding a cause of action for retaliatory discharge for filing workers' compensation claims not pre-empted by § 301 of LMRA.[6]

In addition to *Smolarek, supra*, the courts in the following cases also held a claim of discrimination because of handicapped status in violation of state law was not pre-empted by the provisions of § 301; *Brown v. Holiday Station Stores, Inc.*, 723 F. Supp. 396 (D.C. Minn. 1989); *Ackerman v. Western Elec. Co., Inc.*, 860 F.2d 1514 (9th Cir. 1988); *DeSoto v. Yellow Freight Systems*, 861 F.2d 536 (9th Cir. 1988); *Oshea v. Detroit News*, 887 F.2d 683 (6th Cir. 1989).

It is true, as counsel for White Packing has argued, that the collective bargaining agreement here considered does make reference to his client's right to reassign employees based on seniority, ability, or thereafter in accordance with plant needs, and to terminate employees. But Walker's pleadings do not challenge White Packing's right to reassign or terminate under the collective bargaining agreement. Rather, as was the case in *Smolarek*, the pinion issue under each count of the motion for judgment is a factual one — what was White Packing's motivation in reassignment and termination? The determination of that issue does not require an interpretation of the collective bargaining agreement.

And this is true:

> even if dispute resolution, pursuant to a collective bargaining agreement on the one hand and state law on the other, would require addressing precisely the same set of facts, as long as the state law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes.

---

[6] Contra see, *Johnson v. Hussmann Corp.*, 610 F. Supp. 757 (E.D. Mo. 1985) aff'd. 805 F.2d 795 (8th Cir. 1986); *Vantine v. Elkhart Brass Mfg Co.*, 762 F.2d 511 (7th Cir. 1985); *O'Brien v. Consolidated Rail Corp.*, 972 F.2d 1 (1st Cir. 1991).

*Lingle, supra*, 100 L. Ed. 2d at 421.

Accordingly, the plea in bar based upon pre-emption by § 301 of the LMRA is overruled.

Relying on the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.*, White Packing argues Walker must first exhaust the grievance procedure for reassignments and terminations, including "final and binding and conclusive arbitration," within the collective bargaining agreement before she may initiate her action in court.

Such a defense was rejected in *Smolarek, supra*, 879 F.2d 1332–1334, and *Baldracchi*, 841 F.2d at 104–105. Similarly, the court in *Lingle* specifically addressed this grievance procedure exhaustion defense:

> For while there may be instances in which the National Labor Relations Act pre-empts state law on the basis of the subject matter of the law in question, § 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements . . . .
>
> Today's decision should make clear that interpretation of collective bargaining agreements remains firmly in the arbitral realm; judges can determine questions of state law involving labor-management relations only if such questions do not require construing collective-bargaining agreements.

*Lingle, supra*, 100 L. Ed. 2d at 420, 422.

Finally, it would be an anomaly if the National Labor Relations Act would deprive White, if she lost her claim in "final and binding and conclusive arbitration" under the collective bargaining agreement, of her state law action spared by lack of pre-emption under the LMRA.

Consequently, this plea in bar is overruled.

White Packing maintains Walker's cause of action for handicap discrimination is barred by the provisions of Virginia Code § 51.5–49 on the grounds Walker "did not send written notice . . . or file a bill of complaint for equitable relief within 180 days of her alleged 'constructive termination' on May 15, 1992."[7]

---

[7] Paragraph 8, Defendant's Plea in Bar.

In pertinent part § 51.5–59 reads as follows:

*Remedies.* — A. Any circuit court having chancery jurisdiction and venue pursuant to Title 8.01, on the petition of any person with a disability, shall have the right to enjoin the abridgement of rights set forth in this chapter and to order such affirmative equitable relief as is appropriate and to award compensatory damages and to award to a prevailing party reasonable attorneys' fees . . . .

B. An action may be commenced pursuant to this section any time within one year of the occurrence of any violation of rights under this chapter. However, such action shall be forever barred unless such claimant or his agent, attorney or representative has commenced such action or has filed by registered mail a written statement of the nature of the claim with the potential defendant or defendants within 180 days of the occurrence of the alleged violation . . . .

White alleges termination on May 15, 1992, and filed her action on November 6, 1992, within the 180-day period permitted by the statute. The second sentence of § 51.5–49 is disjunctive, requiring the commencement of action *or* the mailing of a written statement of claim within the statutory period.

Though White Packing does not specifically so state, if this plea in bar is based upon the fact the action filed was titled "Motion for Judgment" rather than "Bill of Complaint," that plea is likewise not well founded.

It is not well founded because the prayer in the pleading seeks equitable relief and, further, because of the provisions of § 8.01–270, which read in salient substance:

*Transfer of cases from one side of court to other.* — No case shall be dismissed simply because it was brought on the wrong side of the court, but whenever it shall appear that a plaintiff has proceeded at law when he should have proceeded in equity . . . the court shall direct a transfer to the proper forum, and shall order such change in, or amendment of, the pleadings as may be necessary to conform them to the proper practice; and, without such direction, any party to the suit or action shall have the right at any stage of the cause, to amend

his pleadings so as to obviate the objection that his suit or action was not brought on the right side of the court.

Accordingly, this plea in bar to Count II is overruled.