**Denise A. HILLARD, Plaintiff,**

v.

**AL DOBELMAN, Gregory Pence, and James Henson, Defendants.**

**No. 84–2936C(2).**

United States District Court, E.D. Missouri.

March 28, 1985.

Morgan Stewart, St. Louis, Mo., for plaintiff.

Harold I. Elbert, Charles S. Elbert, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on plaintiff's motion to remand for lack of subject matter jurisdiction and defendants' motion to dismiss and for summary judgment.

## MOTION TO REMAND

This case involves the petition for tortious interference with contract filed by plaintiff in the Circuit Court for the City of St. Louis. The petition was subsequently removed by defendants to this Court. Plaintiff has filed a motion to remand the case to the state court for lack of subject matter jurisdiction arguing that defendants have failed to show that plaintiff's claim involves a federal question. Defendants have filed a memorandum in opposition to the motion to remand.

Plaintiff brings this suit against three defendants, each of whom were employees at Laclede Gas and in a supervisory capacity over her. Her petition alleges that on May 4, 1984, defendant Pence, based on information supplied to him by defendant Henson, suspended plaintiff indefinitely from her position as a customer service representative at Laclede Gas and that on May 21, 1984, Pence and Dobelman, again based on information supplied by Henson, induced Laclede Gas to terminate its employment relationship with plaintiff. Based on these allegations plaintiff prays for $500,000 in damages.

Defendants argue that plaintiff's suit, although couched in the language of a state law claim for tortious interference with contract, is in reality a claim properly brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (Section 301). Section 301(a) provides that:

[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Defendants argue that plaintiff's suit, although "artfully pleaded," is in reality a suit against her employer for breach of the collective bargaining agreement to which both are subject.[1]

■ The Court agrees with defendants. Looking carefully at the complaint it is apparent that plaintiff attempts to sue her employer, Laclede Gas, for unjustly discharging her. The three named defendants are all employees of Laclede Gas and were in a supervisory capacity over plaintiff. Henson, a supervisor in the Customer Relations Department, was plaintiff's immediate supervisor. Henson works under defendant Pence, who is the Assistant Manager of Laclede's Customer Relations Department. Pence, in turn, reports to one Ina Wilson, not a defendant herein, who reports to defendant Dobelman, Director of Laclede's Customer Relations Department. *Affidavit of Clarke M. Rainey*, ¶¶ 17–21. Each of the defendants were agents of Laclede Gas acting for Laclede within the scope of their authority. *Id.*, ¶ 22. Each had the authority to hire, promote discharge, discipline or otherwise affect changes in the status of employees, or to effectively recommend such action. *Id.*, ¶ 21. Thus it is apparent from these uncontroverted facts that defendants were acting on behalf of Laclede Gas and that plaintiff is in reality suing Laclede for having discharged her in violation of the Labor Agreement. As such, her claim properly arises under § 301 of the LMRA and this Court has subject matter jurisdiction. "[T]he application of federal preemption

---

1. In October of 1982, Laclede Gas and the Oil, Chemical and Atomic Workers, International Union, Local Union 5–194, entered into a Labor Agreement effective from August 1, 1982, until midnight July 31, 1985. The Agreement covered plaintiff in her position as a Customer Service Representative. *See* Removal Petition, ¶ 6; Affidavit of Clarke M. Rainey, ¶ 3.

cannot be avoided by attempts to allege only state contract or tort theories...," *Moore v. General Motors Corp.*, 739 F.2d 311, 317 (8th Cir.1984).

## MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants move to dismiss this case or for summary judgment. Because the Court will consider matters outside the pleadings, *i.e.*, the affidavit of Clarke M. Rainey, Vice President of Personnel and Industrial Relations at Laclede Gas, the Court will treat the motion as one for summary judgment.

■ The basis of defendants' motion is that plaintiff has failed to exhaust her contractual remedies under the Labor Agreement. After plaintiff's discharge from employment at Laclede, Local 5–194 invoked arbitration procedures on plaintiff's behalf pursuant to Article III of the Labor Agreement. *Affidavit of Clarke M. Rainey,* Exhibit C. On October 18, 1984, an arbitration proceeding was heard before Arbitrator Joseph Rohlek. A transcript has been prepared and briefs are currently being prepared by the parties to be submitted to the Arbitrator for a final decision. *Id.* ¶¶ 37–39. Defendants argue that because the Arbitrator has not yet rendered his decision, plaintiff's action must be dismissed as she has failed to exhaust her administrative remedies. The Court agrees. The Labor Agreement entered into by plaintiff and Laclede Gas requires that plaintiff resort to the grievance procedures set forth therein. *Id.*, Exhibit C. "Failure to exhaust the grievance procedures of the [Agreement] is a defense to a suit on the [Agreement]. *Hines v. Anchor Motor Freight Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* [368 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1976) ]." *Moore v. General Motors,* 739 F.2d 311, 317 (1984). Accordingly, plaintiff's suit must be dismissed.

