**Denise A. HILLARD, Appellant,**

v.

**Al DOBELMAN, Gregory Pence, and James Henson, Appellees.**

**No. 85–1542.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 5, 1985.

Decided Oct. 3, 1985.

Morgan Steward, St. Louis, Mo., for appellant.

Harold I. Elbert, St. Louis, Mo., for appellees.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Denise Hillard appeals the District Court's [1] dismissal of her complaint against Al Dobelman, Gregory Pence, and James Henson, three supervisory employees of Hillard's employer, Laclede Gas Company (Laclede). For reversal, Hillard contends that she stated a state cause of action of tortious interference with contract, which was not pre-empted by federal labor law. We affirm.

Hillard was a member of the Oil, Chemical and Atomic Workers International Union, Local Union 5–194. During the times in question, the Union and Laclede had in force a collective-bargaining agreement which covered Hillard and contained a grievance procedure with a final and binding arbitration clause.

In May of 1984, based on defendants' recommendation, Laclede terminated Hillard for insubordination. The Union grieved the dismissal on Hillard's behalf, and in October the matter was submitted to arbitration. Before the arbitrator rendered his award, Hillard filed suit in the Circuit Court of the City of St. Louis, Missouri, alleging that by terminating her employment, defendants were liable for tortious interference with contract. The complaint named as defendants Hillard's immediate supervisor, Henson; Henson's immediate supervisor, Pence; and Dobelman, to whom Pence reported. The complaint did not name Laclede.

In response, the defendants filed a removal petition, and a motion to dismiss or for summary judgment. Hillard then filed a motion to remand the action to the state court. The District Court, 607 F.Supp. 111, denied Hillard's motion to remand, granted defendants' motion for summary judgment, and dismissed the complaint. This appeal followed.

■ Finding no error of fact or law, we affirm the decision of the District Court. The District Court first determined that removal of the action to federal court was proper because the complaint had been artfully pleaded to avoid federal jurisdiction. We agree. The Supreme Court recently reaffirmed that "a suit in state court alleging a violation of a provision of a labor contract must be brought under section 301 and be resolved by reference to federal law." *Allis-Chalmers Corp. v. Lueck,* —— U.S. ——, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985). Although the action was brought in tort rather than contract, and the complaint omitted reference to section 301 of the Labor Management Relations Act of 1947,[2] in reality, Hillard was suing Laclede for her discharge in violation of the collective-bargaining agreement. Because the plaintiff's asserted right and defendants' alleged duty (not to interfere with Hillard's employment contract) arise from the collective-bargaining agreement, evaluation of the state tort claim depends upon interpretation of the collective-bargaining agreement (specifically, the just-cause provision). As such, the state claim is pre-empted by federal labor law. *Id.* 105 S.Ct. at 1914–15.

Further, this Court has noted that "the application of federal pre-emption cannot be avoided by attempts to allege only state contract or tort theories." *Moore v. General Motors Corp.,* 739 F.2d 311, 317 (8th Cir.1984). Similarly, a plaintiff cannot avoid federal pre-emption by naming an individual supervisor, rather than the employer, as defendant in an action arising from the collective-bargaining agreement. Accordingly, we agree with the District Court's conclusion that it had subject-matter jurisdiction over the action because Hillard had in fact stated a federal claim arising under section 301.

■ On the merits of the claim, the District Court properly granted defendants' motion for summary judgment. Although Hillard submitted her grievance to

---

1. The Hon. Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. 29 U.S.C. § 185(a).

arbitration, she filed suit in state court prior to the arbitrator's award. Thus, Hillard failed to exhaust her remedies under the collective-bargaining agreement. Failure to exhaust the grievance procedures of the collective-bargaining agreement is a defense to a suit on the agreement. *Allis-Chalmers, supra*, 105 S.Ct. at 1916. To allow individual employees to side-step the grievance procedures of the collective-bargaining agreement and bring essentially the same complaint directly to state court would interfere with the well-established federal labor policy favoring arbitration as the preferred method of dispute resolution. *Id.* at 1915–16.

The arbitrator's award has now been rendered. He has held that Hillard's dismissal was wrongful and has reduced her punishment to a two-week disciplinary suspension without pay. He has directed Laclede to reinstate Hillard with back pay, except for the two weeks just mentioned. Thus, the remedy of arbitration has now apparently been exhausted. This does not mean, however, that Hillard's action against the three defendants named here may now go forward. Her claim against them is pre-empted by Section 301, because it is really nothing more than a restatement of a breach-of-contract claim. Hillard may, however, if she is dissatisfied with the relief granted by the arbitrator, bring suit against Laclede under Section 301 (claiming that the arbitrator's award, to the extent that it failed to grant her complete relief, failed to draw its essence from the collective-bargaining agreement). She may also sue her union, claiming breach of the duty of fair representation. In view of the substantial relief that has been obtained, the merits of either suit seem problematic. But our affirmance of the judgment in favor of the three individual defendants is without prejudice to Hillard's right (assuming timely filing under the applicable statute of limitations) to pursue either Laclede, the union, or both, under Section 301.

Affirmed.