**K.H. REISS, et al., Plaintiffs,**

v.

**BROTHERHOOD OF RAILWAY AND AIRLINE CLERKS, et al., Defendants.**

Civ. A. No. 86–0121.

United States District Court, E.D. Pennsylvania.

March 3, 1986.

Jeffrey R. Dimmich, Allentown, Pa., for plaintiffs.

Albert Vollero, Kirschner, Walters & Willig, Weinberg & Willig, Philadelphia, Pa., John J. Sullivan, Washington, D.C., Mitchell M. Kraus, Gen. Counsel, Rockville, Md., for defendants.

MEMORANDUM OPINION

CAHN, District Judge.

This case presents two issues: whether federal jurisdiction exists to support removal, and, if so, whether federal labor law preempts plaintiffs' state law negligence claims. I find that removal to this court was proper and that plaintiffs' claims are preempted. Therefore, I will grant defendants' motion to dismiss this case.

Plaintiffs' complaint alleges that plaintiffs, all residents of Pennsylvania, are members of Local #115 of the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees ("BRAC"). Plaintiffs are employed by the Philadelphia, Bethlehem and New England Railroad Company in conjunction with rail services at the Bethlehem Steel Plant located in Bethlehem, Northampton County, Pennsylvania. BRAC is plaintiffs' collective bargaining representative pursuant to the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* Plaintiffs were covered by a collective bargaining agreement, which expired on July 31, 1983. BRAC engaged in collective bargaining negotiations for a new contract with plaintiffs' employer. These negotiations resulted in an impasse. Plaintiffs requested that BRAC invoke the mediation services of the National Mediation Board pursuant to procedures set forth in the Railway Labor Act. Plaintiffs further claim that BRAC negligently failed to invoke the services of the National Mediation Board in a timely fashion, as the Railway Labor Act requires. Thereafter, plaintiffs' employer unilaterally reduced plaintiffs' wages and benefits. Plaintiffs filed an action in state court, claiming that defendants are liable for negligence under state law. Defendants removed the case to this court.

Defendants contend that this court should dismiss plaintiffs' state law claims because plaintiffs' allegations are based upon alleged negligent misrepresentation in labor matters that are covered by the

**1030**

Railway Labor Act. Defendants assert that this court has jurisdiction, and defendants urge that federal statutes and national labor policy have preempted plaintiffs' state law negligence claims. Plaintiffs, on the other hand, contend that federal preemption does not apply to the type of negligence alleged to have occurred in this case, which is failure of plaintiffs' collective bargaining representative to file a request for mediation in a timely manner. Plaintiffs further argue that this court does not have jurisdiction because no federal question is presented.

My initial reaction was to remand this case to the state court from which it had been removed by defendants. Under *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), it is the allegations of the plaintiffs well-pleaded complaint that determine whether a case arises under federal law. In their complaint, plaintiffs plead common law negligence. Plaintiffs contend, therefore, that looking solely at plaintiffs' well-pleaded complaint, the case does not arise under federal law.[1]

In a recent decision, however, the Court of Appeals for the Third Circuit expounded upon the 'artful pleading' doctrine, "under which a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *United Jersey Banks v. Mary Little Parell*, 783 F.2d 360, 367 (3d Cir.1986). The court stated: "Those courts of appeal that have applied the doctrine have done so primarily in the context of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, not only because the extent of federal primacy is well established, *see Hillard v. Dobelman*, 774 F.2d 886, 887 (8th Cir. 1985); *Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342, 344 (7th Cir.1985), but because all state law is displaced." *Id.*, at 368.

██ Federal law has totally displaced state law in regard to claims arising from a

union's conduct in its capacity as a collective bargaining representative. For example, the Railway Labor Act, like § 301, imposes a duty on the collective bargaining agent to represent all members of the bargaining unit fairly. *See Steele v. Louisville & Nashville Railroad*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). Consequently, I find that federal jurisdiction exists to support removal. I further find that, because federal law has totally displaced state law, plaintiffs' state law negligence claims are preempted. *See Peterson v. Air Line Pilots Association, International*, 759 F.2d 1161, 1168–71 (4th Cir.) (holding that Railway Labor Act preempts plaintiff's state law claims), *cert. denied*, —— U.S. ——, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). Thus, claims of negligence related to a union's representation of members of the bargaining unit are actionable neither in federal court, *See Findley v. Jones Motor Freight*, 639 F.2d 953 (3d Cir.1981), nor state court. Therefore, plaintiffs' claims should be dismissed rather than remanded.

1. Nor is there subject matter jurisdiction here under 28 U.S.C. § 1332.