IT IS FURTHER ORDERED that Verdict L is amended to reflect the following total damages against the defendants:

| | |
|---|---|
| RALSTON PURINA/VAN CAMP | $2,405,891 |
| DELTOWN CHEMURGIC CORPORATION | $2,243,976 |
| RALSTON PURINA/VAN CAMP and DELTOWN CHEMURGIC CORPORATION, jointly and severally | $ 248,876 |

IT IS FURTHER ORDERED that the motions of defendants Deltown and Ralston/Van Camp for judgment notwithstanding the verdict or new trial, and the Rule 59 motion of Ralston/Van Camp for new trial or remittitur on the patent infringement damages issue, are denied.

**Michael G. WINICK, Plaintiff,**

v.

**UNITED ENGINEERING COMPANY, INC., Defendant.**

**No. 90–1879–C–7.**

United States District Court, E.D. Missouri, E.D.

March 1, 1991.

Randall D. Sherman Wegmann Gasaway Stewart Schneider Tesreau & Stoll, P.C., Hillsboro, Mo., for plaintiff.

John J. Moellering and Michael I. Lawrence, Lewis Rice & Fingersh, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

HAMILTON, District Judge.

This matter is before the Court pursuant to a Motion to Remand filed by Plaintiff, Michael Winick, on October 29, 1990. Defendant, United Engineering Company, filed a Motion for Summary Judgment on November 8, 1990.

This civil action seeking damages for breach of contract was filed initially in the Circuit Court of Jefferson County, Missouri. Plaintiff's Petition alleges that Plaintiff was terminated in "complete violation and contravention" of his employment contract. Defendant removed the action pursuant to 28 U.S.C. § 1331, § 1441(a) and (c)[1] and the Labor Management Relations Act § 301(a), 29 U.S.C. § 185(a).

## MOTION TO REMAND

Plaintiff asserts the contract dispute is a state cause of action. Defendant argues that the breach of contract claim states a federal cause of action under the Labor Management Relations Act § 301, 29 U.S.C. § 185(a). This section states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Plaintiff further asserts that Section 301 is inapplicable because the representative bargaining agent, Employee Representation Committee (ERC), is not a party to the agreement as

required by the plain language of the statute.

■■■ Plaintiff's allegation of breach of contract is a federal cause of action because it involves interpretation of a collective bargaining agreement between United Engineering Company (United) and ERC. When resolution of a state-law claim is substantially dependant upon the interpretation of the terms of a collective bargaining agreement, that claim must either be treated as a Section 301 claim or dismissed as pre-empted by federal labor contract law. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). In *Allis–Chalmers,* the plaintiff filed a motion for remand contending that a dispute over the handling of an insurance claim under a disability plan included in a collective-bargaining agreement was a state tort claim of bad faith. The Supreme Court of Wisconsin distinguished the tort claim of bad faith from a bad-faith breach-of-contract claim holding that violation of the labor contract was irrevelant to whether defendants exercised bad faith in handling the insurance claim. It therefore granted remand. The United States Supreme Court reversed, finding a federal cause of action because resolution of the claim is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract...." *Id.* at 220, 105 S.Ct. at 1916. The Court reasoned that a federal interpretation is essential in the interest of uniformity and predictability. *Id.* at 210, 105 S.Ct. at 1910 (quoting *Teamsters v. Lucas Flour Co.* 369 U.S. 95, 103–104, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962)).

Similarly, the case at bar centers upon interpretation of the collective bargaining agreement between United and ERC. ERC is a party to the collective bargaining agreement, Exhibit A to the Petition. Plaintiff himself originally sought recovery through the grievance procedure available in the agreement.[2] In addition, Plaintiff's

---

1. Defendant's Notice of Removal refers to § 1441(a) and (c) as basis for the removal. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand refers to § 1441(a) and (b) as the basis for remand. Inasmuch as removal is proper under § 1441(a) alone, we

need not address any apparent discrepancy regarding subsections (b) and (c).

2. Plaintiff's Petition repeatedly refers to a "contract." The "contract" and collective bargaining

Petition states that Plaintiff was terminated in violation of the agreement. Plaintiff attached the agreement to the Petition, incorporated it therein and quoted it extensively in the Petition. Even though Plaintiff alleges this is an action under state law between an employer and a former employee, resolution of the action requires interpretation of the collective bargaining agreement.

Although Plaintiff's Petition made no specific reference to Section 301 of the Labor Management Relations Act, Plaintiff has stated a federal cause of action. The application of federal preemption cannot be avoided by attempts to allege only state contract or tort theories. *Hillard v. Dobelman*, 774 F.2d 886, 887 (8th Cir.1985) (quoting *Moore v. General Motors Corp.*, 739 F.2d 311 (8th Cir.1984)). *See also Johnson v. Hussmann* 805 F.2d 795 (8th Cir.1986) (involving a suit brought in tort rather than contract, omitting the union as a party, and containing no reference to Section 301 of Labor Management Relations Act). In *Hillard*, the plaintiff was terminated for insubordination. During the time period covered by the Complaint, her union and employer had a collective bargaining agreement that covered Hillard. Hillard asserted that her claim of tortious interference with contract was based on state law, and was not pre-empted by federal labor law. Although plaintiff brought the action in tort rather than contract, and omitted citation to Section 301, the Court held that her state claim was pre-empted by federal labor law. *Hillard*, 774 F.2d at 887. The Court determined that, in reality, plaintiff's asserted right and defendant's alleged duty arose from the interpretation of the bargaining agreement. *Id.*

Similarly, Plaintiff in the instant action contends his cause of action involves interpretation of a contract under state law. Throughout Plaintiff's Petition, Plaintiff referred to the agreement between United and ERC as a contract, not as a collective bargaining agreement. In addition, Plaintiff neither mentioned the Union nor included it as a party to the suit. Finally, Plaintiff did not refer to Section 301 in the Petition. Such omissions and artful drafting do not, however, permit Plaintiff to avoid federal jurisdiction. The Motion to Remand is denied.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must determine whether there are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient. *Id.* at 252, 106 S.Ct. at 2512. The moving party always bears the burden of informing the court of the basis for the motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. However, the party opposing the summary judgment motion may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a material factual dispute. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Smith v. Tandy*, 897 F.2d 355, 356 (8th Cir.1990).

■ Plaintiff alleges that he was terminated on February 15, 1990, in violation of his employment contract. Defendant claims that Plaintiff's layoff was in accord with the language of the collective bargaining agreement. The agreement, effective January 18, 1988, provides in pertinent part:

> Layoffs will occur only if there is a lack of work ... there will be a layoff according to classification seniority, with least senior employee to be laid off first.... Employees determined to be non-productive, causing too much scrap, ... may be laid off prior to others with less seniority

agreement between United and ERC are one and the same.

if written warnings have been given prior to layoff.

(*See* Ex. A attached to Petition).

In support of its motion, Defendant offers the affidavit of Steve Vidra. According to Vidra, Defendant's layoffs were due to a work downturn. (Affidavit of Steve Vidra, p. 2). In addition, Vidra states that prior to Plaintiff's layoff in 1990, he had issued a written warning to Plaintiff in 1987. (Affidavit of Steve Vidra, p. 2). Defendant also supplies copies of two other written warnings, one given in 1980 and one given in 1985. (Ex. A, B).

Plaintiff fails to set forth specific facts showing a material factual dispute. Plaintiff does not refute the facts shown by Defendant. Instead, Plaintiff asserts that he received good to excellent employee ratings during his employment and, was not warned he was in danger of losing his seniority status. These facts are irrelevant under the words of the collective bargaining agreement. In addition, Plaintiff contends he did not receive prior notice because his warnings were issued before the effective date of the agreement. However, the agreement does not require that written warnings be given after the effective date of the agreement. It merely requires that prior written warnings be given. Under the plain language of the agreement there is no genuine issue of material fact. Therefore, Defendant's Motion for Summary Judgment is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendant shall have judgment against Plaintiff and, that Plaintiff's claim for relief is DISMISSED with prejudice.