**TEMPTATIONS, INC., Plaintiff,**

v.

**Carol WAGER and Matthew Wager, Defendants.**

**No. CIV. 98–2080(WHW).**

United States District Court,
D. New Jersey.

Dec. 2, 1998.

Ralph Mayo, Mayo & McCutcheon, New Brunswick, NJ, for Plaintiff.

Lionel Jerome Frank, Hill Wallack, Princeton, NJ, for Defendants.

## OPINION

WALLS, District Judge.

This matter comes before the Court on an appeal by defendants Carol and Matthew Wager from the magistrate judge's order to remand the case to New Jersey state court, and/or in the alternative, a motion for the enforcement of the final judgment and settlement agreement in Civ. No. 97–4540. Under Fed.R.Civ.P. 78, the Court decides these matters without oral argument. The order of the magistrate judge is vacated, the case is remanded to the Superior Court of New Jersey, and defendants' motion for the enforcement of the final judgment and settlement agreement in Civ. No. 97–4540 is denied.

## FACTS

Plaintiff Temptations, Inc. ("Temptations"), a New Jersey corporation engaged in the sale of women's fashion accessories, sued defendants Carol and Matthew Wager in New Jersey state court alleging three causes: defamation, interference with prospective economic advantage, and interference with contract. Plaintiff alleged that defendants falsely communicated to others that it was "selling merchandise that duplicated exactly a design which defendants stated was copyrighted by another." (Compl.¶3.) Plaintiff complained that this statement was defamatory, and that through this statement, defen-

dants interfered with plaintiff's economic advantage and caused a breach or termination of plaintiff's contractual relations with its customers and/or suppliers. (Compl.¶¶ 7, 11.)

Defendant Carol Wager is a marketing consultant and her defendant husband, Matthew Wager, a financial consultant. Both are familiar with the costume jewelry industry and were retained by Barry Kieselstein–Cord and Barry Kieselstein Enterprises, Inc. ("BKE") "to investigate the unauthorized sale and distribution of jewelry accessories infringing upon those manufactured and sold by BKE [and] protected by its copyrights and trademarks." (C. Wager Aff. ¶ 1.) Defendants claim that in May, 1997 they were engaged to investigate the activities of Temptations, Inc. and informed Barry Kieselstein–Cord and BKE of their findings-that jewelry items sold by Temptations were replicas or "knock-offs" of BKE jewelry. (M. Wager Aff. ¶ 11.)

In September, 1997, Barry Kieselstein–Cord and BKE filed a copyright and trademark infringement suit in this Court against Temptations, and two other defendants, Annette Mayo, president of Temptations and Diane Levy, a Temptations employee. See Civ. No. 97–4540. Later, in November, 1997, the parties entered into a settlement agreement wherein defendants admitted no intentional wrongdoing, denied the allegations of the complaint, and agreed to pay plaintiffs $2,140 in damages, profits, costs and attorneys' fees. (Settlement Agreement ¶ 3.) Plaintiffs released the defendants from any and all claims of the complaint. (Settlement Agreement ¶ 5.) Defendants released the plaintiffs, "their officers, agents, directors, shareholders and employees from any and all claims or possible claims or future claims which could have been made or asserted against plaintiffs." (Settlement Agreement ¶ 5.)

On December 12, 1997, the District Court entered a Final Judgment Upon Consent ("Final Judgment"), which enjoined Temptations, Annette Mayo, Diane Levy, "their agents, servants, employees, and attorneys-in-fact and all persons in active concert and participation with them" from using plain-

tiffs' trademark and from infringing upon plaintiffs' copyrights. (Final Judgment ¶ 4.) The defendants agreed to pay plaintiffs an amount in settlement for damages, profits, costs, disbursements and attorneys' fees. (Final Judgment ¶ 5.) This Court retained jurisdiction over that case, Civ. No. 97–4540 for the purpose of making any further orders necessary or proper for the construction or modification of the final judgment. (Final Judgment ¶ 6.)

In February, 1998, Temptations filed its complaint against Carol and Matthew Wager in the Superior Court of New Jersey, Middlesex County. Defendants removed the case to federal court in May, 1998. Shortly afterward, plaintiff moved to remand the case to state court and sought sanctions against defendants. Defendants cross moved to consolidate the case with Civ. No. 97–4540, which was closed, and to enforce the settlement agreement in that case. On July 14, 1998, the magistrate judge remanded the case to the Superior Court of New Jersey, denied plaintiff's motion for sanctions, and denied without prejudice defendants' cross motion to enforce the settlement agreement of Civ. No. 97–4540. Defendants now appeal the magistrate's decision and move to enforce the final judgment and settlement agreement for Civ. No. 97–4540 against plaintiffs.

## DISCUSSION

### A. Whether the Magistrate Judge Had Jurisdiction to Issue an Order of Remand

The Federal Magistrates Act provides that magistrate judges may, without the consent of the parties, hear nondispositive pretrial motions and enter orders on those motions. 28 U.S.C. § 636(b)(1)(A)-(B). With regard to a dispositive motion, without the consent of the parties, a magistrate judge may submit to a district court judge proposed findings of fact and recommendations as to its disposition. 28 U.S.C. § 636(b)(1)(A)-(B). *DeCastro v. AWACS*, 940 F.Supp. 692 (D.N.J.1996) held that a magistrate judge may enter an order remanding a case as a nondispositive order and that a district court may hear an appeal of that order. Afterwards, the Dis-

trict of New Jersey adopted Local Rule 72.1(c)(1)(C) which codified that decision.

Recently, the Third Circuit rejected the conclusion of *DeCastro* and Local Rule 72.1(c)(1)(C) and ruled that a motion to remand a case to state court is dispositive. *In re U.S. Healthcare,* 159 F.3d 142 (3d Cir. 1998). Judge Greenberg wrote that "because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purposes of [28 U.S.C. § 636(b)(1)(A) ]." 159 F.3d 142, 144. Because an order to remand a case to state court is dispositive, a magistrate judge does not have jurisdiction to enter it without the consent of the parties. 159 F.3d 142, 144. The magistrate judge, may however, submit findings of fact and recommendations for consideration by the district court.

■ Here, the magistrate judge entered an order remanding the case to New Jersey Superior Court for lack of federal subject matter jurisdiction. Because the magistrate judge did not have jurisdiction to enter such an order, the order is vacated. This Court will treat his order as a report and recommendation and will review de novo whether there is subject matter jurisdiction in this case.

## B. Analysis

### a. Whether Plaintiff's Action Arises under Federal Law

Section 1441(a) of 28 U.S.C. permits removal by a defendant of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." There is no diversity jurisdiction in this case. Defendants maintain that this Court has subject matter jurisdiction because this case is predicated on a federal cause of action.

Defendants assert that to determine whether there is federal jurisdiction, the Court must not end its inquiry with an examination of the complaint on its face. (Defs.' Mem. in Supp. of Appeal at 4.) They argue that the complaint itself does not provide a basis for federal jurisdiction because plain-

tiffs sought to avoid the federal forum by artfully pleading a federal claim as a state law claim. (Defs.' Mem. in Supp. of Appeal at 4–5.) They further contend that the three claims in the complaint-defamation, interference with economic expectancy or advantage, and interference with contract-all relate to federal copyright law. (Defs.' Mem. in Supp. of Appeal at 6–7.)

■ Under the "artful pleading" doctrine, "a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *United Jersey Banks v. Parell,* 783 F.2d 360, 367 (3d Cir.1986)(citing 14A Charles A. Wright & Arthur R. Miller § 3722 at 270; *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359, 365 (5th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984)). Our Supreme Court has advised that there may be federal jurisdiction even though a plaintiff bases its claim in state court on state law: (1) when "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims," or (2) when it appears that the plaintiff's claim is 'really' one of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). To determine whether federal jurisdiction exists, a court must focus "on the underlying cause of action as set forth in the well-pleaded complaint." *United Jersey Banks,* 783 F.2d at 366. "[A] suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Gully v. First National Bank,* 299 U.S. 109, 116, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936), quoted in *Franchise Tax Board,* 463 U.S. at 12, 103 S.Ct. at 2848. A federal claim is artfully pled as a state law claim when the suit in actuality arises under a federal law which gives the plaintiff the right to pursue the relief sought in the complaint. See *Franchise Tax Board,* 463 U.S. at 23, 103 S.Ct. at 2853 (finding no basis for federal jurisdiction where the suit filed by the Franchise Tax Board did not "arise under" ERISA since that statute gave the state no right to seek the relief it requested).

The paradigmatic case of "artful pleading" is *Federated Department Stores Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). The plaintiff had brought a federal antitrust action which had been dismissed for failure to state a claim. The plaintiff then initiated an action in state court with essentially the same claims against the same defendants which was removed by the defendant to federal court. The Supreme Court opined that the claims in that case had "sufficient federal character to support removal," and endorsed the "artful pleading" doctrine as a "settled principle." 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2 (quoting 14A Charles A. Wright & Arthur R. Miller § 3722 at 564–66 (1976)). This is not such a case. The state law claims in this case do not track or parallel the federal claims in Civ. No. 97–4540. Temptations does not attempt to relitigate the same copyright and trademark claims that were the subject of Civ. No. 97–4540. Rather, Temptations seeks the resolution of distinctly state law claims of defamation, interference with economic expectancy or advantage, and interference with contract. None of these claims relies upon or arises from the copyright and trademark laws disputed in Civ. No. 97–4540.

Defendants rely on four cases for the proposition that a court should look beyond the words of the complaint to decide whether there is federal jurisdiction. In each, the complaint did not express a federal cause of action, the defendants relied upon the artful pleading doctrine to establish jurisdiction, and the court concluded that there was no federal jurisdiction. See *Goepel v. National Postal Mail Handlers*, 36 F.3d 306 (3d Cir. 1994), *United Jersey Banks*, 783 F.2d 360; *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F.Supp. 985 (D.N.J.1996); *Rozzell v. Security Servs., Inc.*, 38 F.3d 819 (5th Cir.1994). The Third Circuit, by *United Jersey Banks*, 783 F.2d 360, the case to which defendants refer most frequently, concluded that there was no federal jurisdiction for removal where the plaintiffs relied on state law in their complaint and defendants sought to remove the case based on an anticipated defense of federal preemption. 783 F.2d at 365. In reversing the district court's decision that there was federal jurisdiction based on the

artful pleading doctrine, the circuit court cautioned:

> Unless applied with circumscription, the artful pleading doctrine may raise difficult issues of federal-state relations. An expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint. *Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir.1984), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985). Those courts of appeal that have applied the doctrine have done so primarily in the context of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, not only because the extent of federal primacy is well established, see *Hillard v. Dobelman*, 774 F.2d 886, 887 (8th Cir.1985); *Mitchell v. Pepsi–Cola Bottlers, Inc.*, 772 F.2d 342, 344 (7th Cir.1985), but because all state law is displaced. 783 F.2d at 368.

■ Heeding that advice, this Court finds that there is no federal jurisdiction here. Plaintiffs have stated three causes of action under state law: defamation, interference with prospective economic advantage, and interference with contract. None of these claims arises from a federal action. Defendants argue that plaintiff cannot maintain a defamation claim without a determination of whether defendants' statement was true or false. Because defendants' alleged defamatory statement was that plaintiff had infringed a copyright, defendants claim that a substantial disputed question of federal copyright law is a necessary element of the defamation claim. (Defs.' Mem. in Supp. of Appeal at 7.) Similarly, they argue that because the interference with economic advantage and contract claims are based on that alleged false statement, a necessary element of these claims is also copyright law. (Defs.' Mem. in Supp. of Appeal at 8.)

Defendants, however, misinterpret the requirements of the artful pleading doctrine. A substantial, disputed question of federal law must be a necessary element of the well-pleaded claim. Here, plaintiff's claim does not arise under the copyright laws. The copyright laws do not give plaintiff the right to pursue the desired relief-they do not support a cause of action for defamation. In-

stead, the copyright laws may be a defense to plaintiff's claims. Truth is a defense to a claim of defamation, and defendants argue that if their statements that plaintiff had been infringing a copyright are true, there is no basis for plaintiff's claims interference with contractual and economic advantage claims. Plaintiff's claims do not spring from the copyright laws. As the Supreme Court noted in *Gully* and repeated in *Franchise Tax Board*, "a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Gully*, 299 U.S. at 116, 57 S.Ct. at 99, quoted in *Franchise Tax Board*, 463 U.S. at 12, 103 S.Ct. at 2848.

And an anticipated defense which relies on federal law is not a basis for removal. The Supreme Court addressed this issue more than eighty years ago in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916). There, in a state court, a manufacturer sued another manufacturer in libel or slander for statements to others that plaintiff was infringing defendant's product patent. Defendant removed the case to federal court on the ground that the cause of action arose under the patent laws of the United States. Writing for the Court, Justice Holmes declared that there was no federal jurisdiction because the suit arose under the law of the state rather than under the patent laws:

> What makes the defendants' act a wrong is its manifest tendency to injure the plaintiff's business.... But whether it is a wrong or not depends upon the law of the state where the act is done, not upon the patent law, and therefore the suit arises under the law of the state. A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract. 241 U.S. at 260, 36 S.Ct. at 586.

As in *American Well Works Co.*, that a federal law may be a defense to plaintiff's claims is of no legal consequence to whether plaintiff's claim arises under a federal law. Because plaintiff's causes of action arise under state law, this Court has no jurisdiction.

### b. Whether This Court Has Ancillary Jurisdiction over This Action

Defendants argue that this Court has ancillary jurisdiction over this case by virtue of the final judgment and settlement agreement in Civ. No. 97–4540. Defendants maintain that "BKE's claims of copyright infringement and unfair competition ... are inextricably tied to the state law claims advanced by Temptations in the instant suit." (Defs.' Mem. in Supp. of Appeal at 15.) This action "cannot be resolved without resolution of the copyright infringement suit which was the subject of [Civ. No. 97–4540]." (Defs. Mem. in Supp. of Appeal at 15.) According to them, the final judgment resolved those issues and because this Court retained jurisdiction over Civ. No. 97–4540 for the enforcement of that judgment, the Court now has ancillary jurisdiction over this action. (Defs.' Mem. in Supp. of Appeal at 15.) The settlement agreement of Civ. No. 4540 was incorporated into the final judgment and that Temptations' release of BKE there releases as well Carol and Matthew Wager here as BKE's agents from liability, so goes the defendants' argument. (Defs.' Mem. in Supp. of Appeal at 17.)

■ That argument is faulty on several grounds, only two of which this Court need address for the disposition of this motion. First, as stated, this action does not arise under the copyright laws; nor is this action based upon issues of copyright infringement, the subject of Civ. No. 97–4540 dealt. Hence, the final judgment rendered in Civ. No. 97–4540 does not give the Court ancillary jurisdiction over this action.

Second, the final judgment in Civ. No. 97–4540 entered by this Court on December 12, 1997 does not incorporate the full settlement agreement between the plaintiffs and defendants:

> The parties having agreed that Defendants shall pay to Plaintiffs an amount in settlement of Plaintiffs' demand for damages, profits, costs, disbursements and attorneys' fees, Defendants' warranties and rep-

resentations and obligations to make such payment are incorporated herein and no other award for damages, profits, costs, disbursements and attorneys' fees is made herein. (Final Judgment ¶ 5.)

As written, it incorporates only those portions of the settlement agreement which involve Temptations', Mayo's, and Levy's "warranties and representations and obligations to make such payments" to Barry Kieselstein–Cord and BKE. Absent are those provisions wherein the parties agreed to release each other from liability. The final judgment does not treat Temptations' release of BKE, its officers, agents, directors, shareholders and employees from liability. This Court did not reserve jurisdiction to enforce the earlier settlement agreement. As the Supreme Court explained in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994), "[a] judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order" so as to retain ancillary jurisdiction over an action arising out of the settlement agreement. Because of this, the Court's jurisdiction to enforce the final judgment does not give it jurisdiction to effect the release in the settlement agreement. This Court does not have ancillary jurisdiction over the present controversy.

### C. Defendants' Motion to Consolidate This Action with Civ. No. 97–4540

■ Defendants argue that the Court should consolidate this action with Civ. No. 97–4540 pursuant to Fed.R.Civ.P. 42(a), because the two actions involve common issues of law and fact. However, the two actions do not involve common questions of law. Here the claims arise from state laws of defamation, interference with economic advantage, and interference with contract. Civ. No. 97–4540 involved federal issues of copyright and trademark law. Although the two actions may have a common factual background, that alone does not provide the basis for consolidation. Significantly, Civ. No. 97–4540 is closed. For this reason alone, common sense and logic preclude the consolidation of this action with Civ. No. 97–4540, the living with the dead. Defendants' motion to consolidate this action with Civ. No. 97–4540 is denied.

### D. Defendants' Motion to Enforce the Final Judgment and Settlement Agreement of Civ. No. 97–4540

■ Although the release in the settlement agreement in Civ. No. 97–4540 may be relevant, it was not incorporated into the final judgment. The Court did not retain jurisdiction in Civ. No. 97–97–4540 to enforce that release provision. Defendants' motion to enforce the final judgment and settlement agreement of Civ. No. 97–4540 is denied.

### CONCLUSION

The magistrate judge's order remanding the case is vacated. The Court concludes that it does not have subject matter jurisdiction to hear this case. Defendants' motions to consolidate this action with Civ. No. 97–4540 and to enforce the final judgment and settlement agreement are denied. This action is ordered to be remanded to the Superior Court of New Jersey, Middlesex County, for whatever action it may deem necessary.

**SO ORDERED.**

### ORDER

This matter comes before the Court on an appeal by defendants Carol and Matthew Wager seeking reversal of magistrate judge's order remanding the case, and/or in the alternative, a motion for the enforcement of the final judgment and settlement agreement in Civ. No. 97–4540. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion, it is on November, 1998:

ORDERED that the magistrate judge's order is vacated;

ORDERED that this case is remanded to the Superior Court of New Jersey, Middlesex County;

ORDERED that defendants' motion for the enforcement of the final judgment and

settlement agreement in Civ. No. 97–4540 is denied.