[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
The plaintiff alleges in his complaint that he injured his back while in the course of his employment with the defendant. As a result of this injury, the plaintiff was unable to work and received temporary total disability benefits pursuant to the Workers' Compensation Act. The plaintiff alleges that the defendant ordered the plaintiff back to work before he had fully recovered, and then terminated him when he refused to show for work. Because of this termination, the plaintiff alleges that he was refused workers' compensation benefits to which he was entitled. The plaintiff also alleges, in count two, that he was denied unemployment compensation because the defendant contested coverage on the ground plaintiff had not reported for work, and had no reason for his absence, when in fact, defendant knew that plaintiff was injured.
The plaintiff's cause of action is based on General Statutes31-290a, which allows an employee to sue for damages and reinstatement if he has been discharged or discriminated against for filing a claim for workers' compensation benefits or otherwise exercised the rights afforded him pursuant to the provisions of this chapter, 31-290a(a). The defendant filed an answer and four special defenses on July 24, 1991. The first special defense states that plaintiff's cause of action is barred by Section 301 of the Labor Management Relations Act; 29 U.S.C. § 185(a); as that section preempts all state law claims. The third and fourth special defenses claim that the portions of plaintiff's damages attributable to the lack of workers' compensation and unemployment compensation benefits, respectively, are unrecoverable as the plaintiff failed to exhaust his administrative remedies to prove his entitlement to those benefits. On September 27, 1991, the plaintiff filed a motion to strike these special defenses, and the defendant objects to the motion.
In ruling on a motion to strike, the court construes the allegations in favor of the non-moving party, and if "any facts probable under the allegations would support a defense . . . the motion to strike must fail." Wesson v. Milford, 5 Conn. App. 369,372 (1985) (citations omitted) The plaintiff claims that none of the three above described special defenses state a legally sufficient defense.
The defendant, in his first special defense, argues that this CT Page 7767 action "requires a resolution of dispute pursuant to a collective bargaining agreement" and is accordingly pre-empted by 301 of the LMRA. "It is settled law that all rights and claims arising from a collective bargaining agreement . . . arise under federal law, and while state courts are not deprived of jurisdiction in such cases, in exercising his jurisdiction state courts are bound to apply only federal law." Oglesby v. RCA Corp., 752 F.2d 272, 277 (7th Cir. 1985) (citations omitted) (emphasis added). State law "has been completely pre-empted." Id. The plaintiff argues, however, that this action does not arise from a dispute regarding a collective bargaining agreement but from unlawful action by his employer under 31-290a.
The court in Baldracchi v. Pratt Whitney Aircraft Div.,814 F.2d 102 (2nd Cir. 1987) was faced with the same question. Baldracchi also sued his former employer pursuant to 31-290a for allegedly terminating him for filing a workers' compensation claim. Id., 103. Because she was employed under the terms of a collective bargaining agreement, Pratt Whitney argued that any determination regarding her termination would necessarily involve reference to that agreement, and hence, was pre-empted by 301 of the LMRA. The United States Supreme Court had previously held that 301 pre-empts a state law claim if "resolution of a state law claim is substantially dependent upon analysis of the terms of [a collective bargaining] agreement." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985), quoted in Baldracchi, supra, 104.
The court, however, disagreed with Pratt Whitney, stating that Baldracchi would first have to put forth a case demonstrating she had been fired for filing a workers' compensation claim. Baldracchi, supra, 105. Pratt Whitney would then defend the case, not by showing she was terminated for "just cause" under the terms of the collective bargaining agreement, but by simply showing that she was fired "for a reason unrelated to her filing a workers' compensation claim" Id. The court held that "statutes like 31-290a provide rights independent of collective bargaining agreements and are not pre-empted by section 301 of the LMRA. Id., 107. Therefore, the plaintiff's 31-290a claim is not pre-empted by 301 of the LMRA, and the plaintiff's motion to strike the first special defense is granted.
The defendant's third and fourth special defenses, alleging that the plaintiff failed to exhaust his administrative remedies regarding his unemployment and workers' compensation benefits, are also attacked by plaintiff's motion to strike. The plaintiff argues that such exhaustion would have been futile as the agencies could not award him the relief available under 31-290a, i.e., reinstatement of his job.
It is well settled that a jurisdictional prerequisite to CT Page 7768 seeking relief in a court of law is that all available administrative remedies must have been exhausted. Norwich v. Norwalk Wilbert Vault Co., 208 Conn. 1, 4 (1988) (citations omitted). Exhaustion need not be made, however, "when the available relief is inadequate or futile." Id.
Plaintiff is claiming as damages not only back pay and reinstatement to his former position, but also the amount he would have received in unemployment and workers' compensation benefits had the defendant, allegedly, not lied to those agencies. This relief, however, could have been achieved through agency proceedings as the appropriate agencies certainly have the power to order benefits reinstated when deceit on the employer's part is discovered. Thus, at least as to this portion of the claimed damages, further administrative appeals might possibly have gotten the plaintiff the benefits he allegedly deserved. Accordingly, the defendant's third and fourth special defenses state legally different defenses, and the motion to strike is denied as to these defenses.
COFIELD, J.