**John QUARLES, Jr.**

v.

**REMINGTON ARMS, CO., et al.**

**Civ. No. 5–89–568 (WWE).**

United States District Court, D. Connecticut.

March 11, 1994.

Janet C. Hall, Duncan Ross MacKay, Rhonda J. Tobin, Robinson & Cole, Hartford, CT, for plaintiff and John Quarles, pro se.

Tracey Claire Kammerer, Robert L. Danaher, James E. Rice, Marsh, Day & Calhoun, Southport, CT, Thomas M. Brockett, Robert M. Cheverie & Assoc., P.C., Hartford, CT, and Karen Lynn Hertz and Richard M. Greenspan, Law Offices of Richard M. Greenspan, Ardsley, NY, for defendants.

Angie Fucci, pro se.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff John Quarles, Jr., brought this action against his former employer, defendant Remington Arms, Co. ("Remington"), and his alleged collective bargaining representative, defendant United Retail and Industrial Union, Local No. 282, AFL–CIO ("Local 282"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff additionally claims that Local 282 breached its duty of fair representation and tortiously interfered with plaintiff's employment contract with Remington. The common denominator underlying these claims is that

plaintiff attributes the loss of his job to the defendants' discriminatory employment acts and practices.

In June, 1993, this court denied defendant Remington's motion for partial summary judgment on plaintiff's claims of discriminatory termination and racial harassment. Now pending before the court is defendant Local 282's motion for summary judgment on plaintiff's claims of breach of duty of fair representation, tortious interference with contract and deprivation of the right to freely make and enforce contracts without regard to race. For the following reasons, defendant Local 282's motion will be denied.

## I. FACTS

The facts may be summarized as follows.[1] Quarles began working for Remington in 1963. Until 1987, plaintiff consistently enjoyed favorable performance evaluations. In 1984, Remington transferred plaintiff to the "green room" where he worked as a rim fire charging tool-setter. According to plaintiff's evidence, in 1987, Wayne Richards, supervisor of the "green room," and Angela Fucci, plaintiff's union shop steward, harassed plaintiff. They purportedly issued unfounded reports hoping to derail plaintiff's employment with Remington. The complaints ultimately precipitated plaintiff's termination in September, 1987.

Prior to 1987, plaintiff was a member of the Industrial Machine and Office Workers Union ("IMOW"). Fucci and Charles Vizvary served as shop steward and chief steward for IMOW. In 1987, plaintiff's union status changed when a majority of the "green room" employees voted to affiliate with Local 282. Local 282 issued its new members, including plaintiff, membership cards bearing Local 282's name, address and the authorized signature of its president. Plaintiff and the other "green room" employees allegedly believed that Local 282 was their exclusive bargaining representative.

Under the new affiliation, Fucci and Vizvary retained their representative positions as union stewards for Local 282. They also participated on Local 282's executive board. As a union shop steward and a member of Local 282's executive board, Fucci allegedly harassed plaintiff and interfered with his employment opportunities on the basis of plaintiff's race.

## II. DISCUSSION

■ A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

### A. *Duty of Fair Representation*

■ In Count III of the complaint, plaintiff asserts a claim based on the duty of fair representation. Local 282 argues that plaintiff's claim is meritless because it never had a *duty* in the first place. Local 282's contention is predicated on the fact that the National Labor Relations Board had not certified Local 282 before plaintiff's discharge and that Remington refused to recognize Local 282 as the exclusive representative of "green room" employees. Under the narrow circumstances of this case, Local 282's position does not withstand analysis.

■ It is well-settled that a labor organization owes a duty of fair representation to its members " 'to serve the interests of all

---

1. For a more detailed rendition of the nature of plaintiff's employment relationship with Remington see the court's ruling in this case dated June 30, 1993.

members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Breininger v. Sheet Metal Workers Int'l Assoc.,* 493 U.S. 67, 73, 110 S.Ct. 424, 429, 107 L.Ed.2d 388 (1989) (quoting *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967)). To establish a breach of duty, an employee must establish that the union's conduct was arbitrary, discriminatory, or in bad faith. *Samuels v. Air Transport Local 504,* 992 F.2d 12, 16 (2d Cir.1993). A union in breach of the duty of fair representation may also incur liability under Title VII if the employee shows that the breach reflects the employee's race, color, religion, sex or national origin. *Shaw v. General Motors Corp., Chevrolet–Tonawanda Division,* No. 81 Civ. 143E, p. 4, 1991 WL 155581, *4 (W.D.N.Y. Aug. 5, 1991) (citing *Farmer v. ARA Services, Inc.,* 660 F.2d 1096, 1104 (6th Cir.1981)).

As a general rule the duty of fair representation arises when a union is certified as an exclusive bargaining representative. However, an exception to the certification requirement obtains when a union holds "itself out as exclusive representative with the intent and effect of creating reliance thereon." In such cases, the union is estopped from denying its status as the certified exclusive representative. *Chavez v. United Food & Commercial Workers Int'l Union, AFL–CIO–CLC,* 779 F.2d 1353, 1357 (8th Cir.1986).

In the present case, it is undisputed that Local 282 was not certified to exclusively represent "green room" employees. Nor did Remington recognize Local 282 as a viable representative. Nevertheless, Local 282 may well be estopped from denying its status as exclusive representative. First, plaintiff's evidence indicates that Local 282 held itself out as an exclusive representative. A majority of the "green room" employees voted to affiliate with Local 282. The employees then received membership cards from Local 282 and understood Local 282 to be their exclusive representative. Although Local 282 encountered difficulty obtaining Remington's recognition, no one communicated this fact to plaintiff until after he lost his job. Plaintiff's evidence suggests that Local 282 created the impression that it would act as the exclusive representative of "green room" employees.

Second, plaintiff's evidence establishes that Local 282 induced plaintiff to rely on the union's ostensible status as his representative. Reliance is evident from plaintiff's fruitless resort to Local 282 for representation. For example, plaintiff filed a grievance with Local 282 in July, 1987, claiming that his superiors at Remington were discriminating against him. Vizvary and Fucci allegedly filed a grievance form as stewards for Local 282. Yet they never explained to plaintiff that Remington did not recognize Local 282 as a bargaining unit and that Remington therefore would reject the grievance. From this evidence, a trier of fact reasonably could find that defendant Local 282 held itself out as exclusive representative with the intent and effect of creating reliance thereon.

In short, plaintiff's evidence indicates that Local 282 is estopped from denying its status as exclusive representative. This in turn establishes that Local 282 cannot deny the existence of a duty to fairly represent plaintiff.

### B. *Tortious Interference with Contractual Relations*

In Count IV of the complaint, plaintiff asserts that Local 282 tortiously interfered with his contractual relations with Remington. Local 282 contends unpersuasively that federal law preempts the state law claim embodied in Count IV.

Local 282's preemption claim stems from § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). When § 301 is the basis for jurisdiction, courts apply federal common law to assess the meaning of the agreement. *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103–04, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962). "Section 301 preempts a state claim when 'resolution of a state-law claim is substantially dependent upon analysis of the terms of [a collective bargaining] agreement.'" However, § 301 does not preempt a state claim that *tangentially* involves the provisions of a collective bargaining agreement. *Baldracchi v. Pratt & Whitney Aircraft Div., United Technologies*

**332**

*Corp.,* 814 F.2d 102, 104, 106 (2d Cir.1987) (quoting *Allis–Chalmers Corp.· v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985)), *cert. denied,* 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 920 (1988).

As a threshold matter, there· is a question as to whether jurisdiction in this case is based on § 301. Here, the complaint is bereft of any reference to § 301. Instead, plaintiff relies on the civil rights statutes and the doctrine of pendent jurisdiction to establish federal subject matter jurisdiction. On the face of the complaint, jurisdiction does not rest on § 301—the very provision upon which Local 208 relies in asserting preemption.

Even if § 301 does operate as a basis for jurisdiction, the provision does not preempt plaintiff's claim. In this case, the claim of tortious interference does not substantially depend upon an analysis of the collective bargaining agreement. The claim is directed, not to the terms of the collective bargaining agreement, but to the conduct of a union steward who filed negative complaints concerning plaintiff's job performance. The only contract implicated by Count IV is plaintiff's employment contract with Remington. Under the circumstances, the meaning of the collective bargaining agreement is at best tangential and perhaps wholly irrelevant to the state law issue. *See Baldracchi,* 814 F.2d at 105 (§ 301 does not preempt state law claim of retaliation for filing a worker's compensation claim; claim did not turn on interpretation of collective bargaining agreement); *Dougherty v. Parsec, Inc.,* 872 F.2d 766, 770 (8th Cir.1988) (federal labor law does not preempt claim of tortious interference with contract when claim can be resolved without interpreting collective bargaining agreement).

### C. *42 U.S.C. § 1981*

 In Count V, plaintiff claims that Local 282's discriminatory pattern and practices deprived him of the right to freely make and enforce contracts without regard to his race in violation of 42 U.S.C. § 1981. A union that interferes with a private contractual right to arbitrate disputes may incur liability under § 1981. Liability may reflect a union's intentional failure to assert discrimination claims on behalf of a member, *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), but only to the extent that the union bears explicit responsibilities to process grievances. *Patterson v. McLean Credit Union,* 491 U.S. 164, 177, 109 S.Ct. 2363, 2373, 105 L.Ed.2d 132 (1989).

Echoing its opposition to Count III (duty of fair representation), Local 282 contends that it bore no explicit responsibility to process plaintiff's grievance. For the reasons stated in II.A. of this ruling, Local 282's position is unpersuasive. If Local 282 is estopped from denying a duty to fairly represent plaintiff, then similarly the union cannot deny its explicit responsibility to process plaintiff's grievance.

### III. CONCLUSION

For the reasons stated herein, defendant Local 282's motion for summary judgment [# 114] is DENIED.