[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRSTAND SECOND SPECIAL DEFENSES
The plaintiff moves to strike the defendant's first and second special defenses on the ground that the defendant may not properly plead a special defense of federal labor law preemption of a dismissed union employee's state law claim for retaliatory discharge.
On June 22, 1995, the plaintiff, Carlos Ramos, filed a two count complaint against the defendant, H.N.S. Management Company.
In his complaint, the plaintiff alleges he was employed by the defendant as a bus operator between October 1990 and October 1994. The plaintiff further alleges that, while employed, he sustained a back injury for which he filed a claim for workers' compensation benefits. The plaintiff alleges that on October 17, 1994, the defendant terminated the plaintiff's employment, citing as its reasons poor performance and violation of probation.
In Count One, the plaintiff claims that the defendant fired him in retaliation for his seeking workers' compensation benefits and for seeking a reasonable accommodation in his job for his back injury in violation of General Statutes § 31-290a. Count Two, which is also directed against the defendant, sounds in negligent infliction of emotional distress.
In its Answer and Special Defenses filed on August 10, 1995, the defendant admits terminating the plaintiff's employment on CT Page 13814 October 17, 1994. However, the defendant's First and Second Special Defenses allege, respectively, that the plaintiff's claims under § 31-290a are wholly and partially preempted by the federal Labor Management Relations Act (LMRA), § 301,29 U.S.C. § 151. As a basis for these special defenses, the defendant asserts that the plaintiff's employment was covered by a collective bargaining agreement, including binding arbitration to resolve grievances.
On August 28, 1995, the plaintiff filed a Motion to Strike Defendant's Special Defenses on the ground that his claims under § 31-290a are not preempted by federal law. In accordance with Practice Book § 155, the plaintiff filed a memorandum of law in support of his motion, and the defendant timely filed a memorandum of law in opposition.
A motion to strike is a procedural device used "to contest . . . the legal sufficiency of any answer to any complaint . . . including any special defense contained therein." Practice Book § 152(5); Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1980). A motion to strike admits all facts well pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 522 A.2d 1235 (1987). "If facts provable under the allegations would support a defense or a cause of action . . ., the demurrer (motion to strike) must fail." Ferryman v. Groton,
supra, 212 Conn. 142.
First Special Defense — Preemption in Whole
In his Memorandum of Law in Support of the Motion to Strike, citing Baldracchi v. Pratt Whitney Aircraft, 814 F.2d 102 (2nd Cir. 1987), the plaintiff argues that § 31-290a is not preempted by the LMRA. The plaintiff further argues that, because his claims are not preempted by the LMRA, the defendant's first special defense should be stricken.
In its Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Special Defenses, the defendant argues that § 31-290a is preempted by the LMRA if the resolution of the plaintiff's claims requires an interpretation of the collective bargaining agreement. The defendant further argues that, because the issue of whether the plaintiff's claims will require an interpretation of the collective bargaining agreement is a CT Page 13815 question of fact for the jury, this court cannot properly decide the issue on a motion to strike. Therefore, the defendant argues, the plaintiff's motion to strike the defendant's first special defense should be denied.
"Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the [defendant's special defense], the [plaintiff] must await the evidence which may be adduced at trial, and the motion should be denied."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 148 (199). In its First Special Defense, the defendant alleges that the plaintiff's claims under § 31-290a are wholly preempted by the federal LMRA. The defendant further alleges that, as a union member, the "resolution of the plaintiff's claims, in part, requires interpretation of the Collective Bargaining Agreement." (Defendant's Answer and Special Defenses, p. 4). In response, the plaintiff argues in his motion to strike that his claims under § 31-290a are not preempted by the LMRA.
"It is settled law that all rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under federal law . . . and while state courts are not deprived of jurisdiction in such cases, . . . in exercising their jurisdiction state courts are bound to apply only federal law." (Citations omitted.) Oglesby v. RCA Corp.,752 F.2d 272, 277 (7th Cir. 1985). "The state law in cases necessarily rooted in Section 301, LMRA has been completely pre-empted." Id.
The two cases cited by the plaintiff in support of his motion to strike are distinguishable. In Baldracchi, the court ruled that the plaintiff's state-law wrongful discharge claim was not preempted by § 301. Baldracchi v. Pratt Whitney Aircraft,
supra, 814 F.2d 107. In doing so, the court reasoned that the resolution of the plaintiff's claim did not depend on an interpretation of the collective bargaining agreement between her union and the employer. Id. See also Jones v. General SignalCorporation, 7 Conn. L. Rptr. 249, 250 (August 18, 1992, Cofield, J.). Rather, the court found that the plaintiff employee's suit was "independent of the collective bargaining agreement."Baldracchi v. Pratt Whitney Aircraft, supra, 814 F.2d 107.
Similarly, the United States Supreme Court has ruled that "if the resolution of a state-law claim depends upon the meaning of a CT Page 13816 collective bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is preempted and federal labor-law principles — necessarily uniform throughout the nation — must be employed to resolve the dispute." Lingle v. Norge Division of Magic Chef, Inc., supra488 U.S. 405-406. In Lingle, an employee sued her employer under Illinois tort law, claiming she had been fired in retaliation for filing a workers' compensation claim. The Supreme Court stated that "as long as the state-law claim can be resolved without interpreting the [collective bargaining] agreement itself, the claim is `independent' of the agreement for § 301 preemption purposes." Id., 410. The Supreme Court unanimously held that § 301 preempts the application of state law only if the resolution of the claim requires the interpretation of a collective bargaining agreement. (Emphasis added) Id., 413. Since Lingle's retaliatory discharge claim could be resolved without resorting to the collective bargaining agreement, her claim was not preempted. Id., 407.
In ruling on a motion to strike, this court is confined to examine the allegations of the pleadings, and cannot look beyond those allegations to decide the motion. In its first special defense, the defendant alleges that the plaintiff's union and the defendant were parties to a series of collective bargaining agreements and that resolution of the plaintiff's claims, in part, requires an interpretation of the collective bargaining agreement. The allegations in the defendant's first special defense, if proven, support a valid defense of preemption under the LMRA. Accordingly, the Court denies the plaintiff's motion to strike as to the defendant's first special defense.
Defendant's Second Special Defense — Partial Preemption
Plaintiff argues that, because his claims are not preempted by the LMRA, the defendant's second special defense should be stricken. Plaintiff's arguments for striking the defendant's first and second special defenses are identical. Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike addresses the special defenses jointly. The above analysis as to Defendant's First Special Defense is incorporated here.
Taking it to be true that the plaintiff's union and the defendant were parties to a series of collective bargaining agreements, and that resolution of the plaintiff's claims, in CT Page 13817 part, requires an interpretation of the collective bargaining agreement, the allegations in defendant's second special defense, if proven, support a valid defense of preemption. Accordingly, the Court denies the plaintiff's motion to strike as to the defendant's second special defense.
Mary R. Hennessey, J.