[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The complaint alleges that the defendant, Sikorsky Aircraft Corporation ("Sikorsky"), violated Connecticut General Statutes § 31-290a when it terminated his employment in retaliation for the plaintiffs filing of a workers' compensation claim. It CT Page 537-T further alleges that Sikorsky's actions with respect to the termination of the plaintiff's employment constituted a negligent infliction of emotional distress. The defendants have moved to dismiss the case on the grounds that the plaintiff's causes of action have been preempted by federal law specifically, section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. That statute gives federal courts jurisdiction over suits alleging violations of collective bargaining agreements.
The defendants rely on the case of Allis-Chalmers Corp. v.Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), in which the United States Supreme Court held that the plaintiff's suit alleging a state law tort of bad-faith handling of an insurance claim by an employer was preempted by section 301 of the LMRA. The plaintiff was covered by a collective bargaining agreement that provided for payment of insurance benefits for non-occupational injuries. He suffered a non-occupational injury and was paid benefits by Allis-Chalmers. He sued Allis-Chalmers for bad faith handling of insurance claims because Allis-Chalmers had periodically ordered the insurance company to cut off its payments to the plaintiff.
The plaintiff relies on Baldracchi v. Pratt Whitney AircraftDiv., 814 F.2d 102 (2nd Cir 1987). In Baldracchi the plaintiff brought a retaliatory discharge claim alleging that she was fired CT Page 537-U from her position at Pratt Whitney because she filed a workers' compensation claim. At the time of her discharge the plaintiff was employed under the terms of a collective bargaining agreement. The Second Circuit Court of Appeals held that the plaintiff's workers' compensation claim did not meet the preemption mandates of Allis-Chalmers because it was independent of the collective bargaining agreement. As in this case, the defendant in Baldracchi argued that its defense of the claim was dependent on whether the reasons for the plaintiff's termination were legitimate, and that could only be established by an interpretation of the collective bargaining agreement. The Court responded:
 Pratt Whitney's liability for retaliatory discharge under the statute is not decided by reference to the labor contract. Indeed, the Connecticut statute specifically prohibits such reference. See. Conn. Gen. Stat. § 31-290. Pratt Whitney would have to satisfy the trier of fact in the state court only that it fired Baldracchi for a reason unrelated to her filing a workers' compensation claim. Though it would have to show that the reason was more than a pretext, it would not have to establish that the grounds for Baldracchi's termination amounted to "just cause" under the collective bargaining agreement.
814 F.2d at 105.
The Court in Baldracchi held that 28 U.S.C. § 1445 (c) CT Page 537-V was further evidence of the intent of Congress not to preempt claims involving workers' compensation issues. Section 1445(c) prohibits the removal of state workers' compensation claims to the federal courts. The Baldracchi Court further identified the prejudice that would result to union employees if the presence of a collective bargaining agreement could preempt their claims under § 31-290a. Such employees would lose the protection of the retaliatory discharge provisions of the workers' compensation act, while non-union employees could return such protection.
Based on the foregoing the defendants' Motion to Dismiss with respect to the First Count of the Complaint is denied.
The Second Count alleges negligent infliction of emotional distress. As in Allis-Chalmers, the tort claim of negligent infliction of emotional distress "is substantially dependent upon analysis of the terms of [a collective bargaining] agreement."471 U.S. at 220, 105 S.Ct. at 1916. The defendants cannot be liable for the tort of negligent infliction of emotional distress if their conduct was permitted by the collective bargaining agreement.
The case of Oakes v. New England Dairies, 219 Conn. 1,591 A.2d 1261 (1991) has been cited by the plaintiff for the proposition that a cause of action for negligent infliction of CT Page 537-W emotional distress may be premised on a claim of retaliatory discharge, and, therefore, is not preempted by section 301 of the LMRA. Oakes does not stand for that proposition. In that case the Court held that the plaintiff could recover for emotional distress occasioned by the defendant's violation of Connecticut General Statutes § 31-290a as damages under the § 31-290a
claim and that such recovery was not dependent upon a cause of action for negligent infliction of emotional distress.
For the foregoing reasons the defendants' Motion to Dismiss the Second Count of the Complaint is granted.
By the court,
Aurigemma, J.